J-S84027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HANIFASIM SAEED | |
| Appellant | No. 1146 EDA 2016 |

Appeal from the PCRA Order Dated March 22, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003995-2008

BEFORE:  OLSON, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:                **FILED NOVEMBER 30, 2016**

Appellant, Hanisfasim Saeed, appeals *pro se* from the order denying his second petition for post-conviction relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46.  The PCRA court denied relief on the basis that Appellant's petition was untimely, and therefore not within its jurisdiction.  Upon review, we affirm.

On June 2, 2009, Appellant entered a negotiated guilty plea to multiple offenses, including third-degree murder and homicide by vehicle while DUI, as a result of a motor vehicle collision in which a person in the other car was

_____

[*] Former Justice specially assigned to the Superior Court.

killed.[1]  On that same date, the trial court imposed the negotiated sentence of 20 to 40 years' incarceration.  Appellant did not file a direct appeal.

On May 29, 2010, Appellant filed a timely *pro se* PCRA petition.  The PCRA court appointed counsel, and on July 15, 2011, PCRA counsel filed a "no-merit" letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  After issuing notice pursuant to Pa.R.Crim.P. 907, the PCRA court, on October 21, 2011, dismissed Appellant's petition and permitted PCRA counsel to withdraw.  Once again, Appellant did not file a direct appeal.

The *pro se* PCRA petition at issue in this appeal was docketed with the PCRA court on July 21, 2014.  Within this petition, Appellant asserts that he recently discovered that his June 2, 2009 sentence is illegal.  On March 22, 2016, the PCRA court dismissed this PCRA petition as untimely.[2]  Appellant filed this appeal on April 4, 2016.

Appellant raises the following issues:

---

[1] 18 Pa.C.S. §§ 2502(c), 2701(a), 2702(a), and 75 Pa.C.S. §§ 3735(a), 3735.1(a), 3742(a), 3802(d).

[2] Although the PCRA court did not provide notice pursuant to Pa.R.Crim.P. 907, "our Supreme Court has held that where the PCRA petition is untimely, the failure to provide such notice is not reversible error." **Commonwealth v. Lawson**, 90 A.3d 1, 5 (Pa. Super. 2014).

1. Whether the PCRA court erred in denying Appellant's second or subsequent (successive) [*pro se* PCRA petition]?

2. Whether the PCRA court ignored the statutory "exception" rule governing second or subsequent (successive) and/or repetitive petitions involving 42 Pa.C.S.A. §9545(b) – "exceptions to one-year filing period; and §9545(b)(i)(iii) – newly recognized constitutional rights?

3. Whether Appellant's illegal sentence is applicable to the "exception" rule of the PCRA one-year filing [period]?

Appellant's Brief at 4 (excess capitalization omitted).

It is well-settled that this Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without support. **Commonwealth v. Jordan**, 772 A.2d 1011, 1104 (Pa. Super. 2001).

Because this is Appellant's second petition for post-conviction relief, he must meet a more stringent standard than that applicable to a first petition: "A second or any subsequent post-conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." **Commonwealth v.**

***Burkhardt***, 833 A.2d 233, 236 (Pa. Super. 2003) (*en banc*) (citations

omitted). "A petitioner makes a *prima facie* showing if he demonstrates that

either the proceedings which resulted in his conviction were so unfair that a

miscarriage of justice occurred which no civilized society could tolerate, or

that he was innocent of the crimes for which he was charged." ***Id.***

The timeliness of a post-conviction petition is jurisdictional.

***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013).

Generally, a petition for relief under the PCRA, including a second or

subsequent petition, must be filed within one year of the date the judgment

is final unless the petition alleges, and the petitioner proves, that an

exception to the time for filing the petition, set forth at 42 Pa.C.S. §

9545(b)(1), is met.[3]   A PCRA petition invoking one of these statutory

_____

[3] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*(Footnote Continued Next Page)*

exceptions must "be filed within 60 days of the date the claims could have been presented." *See Hernandez*, 79 A.3d at 651-52 (citations omitted); *see also* 42 Pa.C.S. § 9545(b)(2). Exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Appellant's judgment of sentence became final on July 2, 2009, when the thirty-day time period for filing an appeal to this Court expired. *See* 42 Pa.C.S. § 9545(b)(3). Thus, Appellant had until July 2, 2010, to file a timely PCRA petition. As the instant petition was docketed with the PCRA court on July 21, 2014,[4] it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, 79 A.3d at 651-52.

Appellant claims that he timely filed the PCRA petition at issue within sixty days of discovering that in 2009 he he received "an illegal sentence greater than the lawful maximum." Appellant's Brief at 11. Appellant therefore is invoking the exception in Section 9545(b)(1)(ii), for facts "unknown to the petitioner" that "could not have been ascertained by the

*(Footnote Continued)* _____

42 Pa.C.S. §§ 9545(b)(1).

[4] The petition is dated July 9, 2014, and the mailing label indicates that it was sent from SCI Coal Township on July 21, 2014.

- 5 -

exercise of due diligence."[5]. As the language of the statute makes clear, a petitioner invoking that exception must establish that the facts upon which the claim are predicated were unknown to him, and that he could not have ascertained the facts earlier despite the exercise of due diligence. *Commonwealth v. Bennett*, 1270-72 (Pa. 2007); *see Commonwealth v. Cox*, 2016 WL 5416327, at *7-8 (Pa. 2016). The determination of timeliness does not require a merits analysis. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

Appellant explains the purported "illegality" of his sentence as follows:

> In the instant case, Appellant was originally charged for: 1), Simple Assault; 2) Third Degree Murder; 3) Homicide by Vehicle while Driving Under the Influence; 5) Accident Involving Death or Personal Injury; 6) DUI: Controlled Substance — Impaired Ability; 7) Aggravated Assault; 8) Fleeing the Scene; and 9) Aggravated Assault by Vehicle while Driving Under the Influence. Consequently, Appellant entered into a negotiated plea agreement. A review of the Certified Record fails to show whether any of the said criminal charges was reduced to charges as an ungraded felony. Initially, Appellant was sentenced to a fixed term period of twenty (20) to forty (40) year[s] of incarceration a part of the negotiated plea agreement.

> Thus, 18 Pa. C.S. Section 106.[5], crimes charged as felonies without specification of degree are of the third degree and nothing higher. A felony of the third degree is subject to a

---

[5] This is the only exception discussed in Appellant's brief. In his second issue, Appellant asserts that the PCRA court did not consider the newly-recognized constitutional right exception found at Section 9545(b)(iii). Within his brief, however, Appellant fails to identify any constitutional decision that would apply to his sentence. Thus, we do not consider the Section 9545(b)(iii) claim further.

maximum term of seven (7) years maximum. Especially where there is in existence of lack of intent to inflict seriously bodily injury to another person and where evidence exhibits that Appellant was heavily under the influence of uncontrolled substance while driving. Therefore, the sentence that Ha'Nifasim Saeed received is illegal.

Appellant's Brief at 9.

In rejecting Appellant's claim that his appeal is timely, the PCRA court found that Appellant did not demonstrate the exercise of due diligence. As explained by the PCRA court, because the petition was filed over five years after Appellant was sentenced, his illegal sentencing claims "were not presented within 60 days of the date they could have been presented." PCRA Court Opinion, 7/11/16, at 3.

Our review of the certified record reveals that Appellant, in the exercise of due diligence, could have discovered his sentencing claim prior to the filing of his second PCRA petition on July 21, 2014. Within his brief, Appellant proffers no evidence to the contrary, other than his bare allegation that his claims that his sentence was illegal are based upon facts that "could not have been ascertained during trial or sentencing by the exercise of due diligence." Appellant's Brief at 12. Appellant does not identify the facts to which he is referring, and simply states that he "became aware of his illegal sentence on July 7, 2014, and within the allowed period of the 60-day 'exception' rule (newly-discovered) evidence, that . . . within 14-days" of the time for filing a subsequent PCRA petition." *Id.* Appellant has not met his statutory burden, and his second PCRA petition therefore is untimely.

*See* Pa.R.Crim.P. 902(A)(12) (PCRA petition must proffer supporting facts by referring to the record or identifying other supporting affidavits, documents and other evidence showing such facts); *see also Commonwealth v Collins*, 687 A.2d 1112, 1115 (Pa. 1996).

Appellant also asserts that his illegal sentencing claim can never be waived. Our case law holds otherwise. As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007). However, "although [the] legality of [a] sentence is always subject to review within the PCRA, [the] claim[] must first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). If such a claim is raised in an untimely PCRA petition, neither the PCRA court nor this Court has jurisdiction to consider it. *See id.*

In sum, our review confirms the PCRA court's determination that Appellant's PCRA petition is untimely because Appellant failed to "invoke one of the three exceptions that would extend the one-year time limitation." Trial Court Opinion, 7/11/16, at 3. The PCRA court properly held that it lacked jurisdiction to address the merits of Appellant's second PCRA petition. Accordingly, we affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/30/2016